O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ROBERT L. HAYNES, | ) | Case No. CV 07-08129 SVW (CTx) |
| | ) | |
| Plaintiff, | ) | **ORDER DENYING PLAINTIFF'S MOTION** |
| | ) | **TO RECUSE JUDGE STEVEN V. WILSON** |
| v. | ) | **AND MAGISTRATE JUDGE CAROLYN** |
| | ) | **TURCHIN** |
| R.W. SELBY CO INC., JOHANNA ALISO, DOES 1-50, | ) | [Motion filed on October 23, 2009 |
| | ) | - Docket Number 42 - Referral |
| Defendants. | ) | dated December 15, 2009] |

This matter comes before the Court on pro se Plaintiff Robert L. Haynes's motion to recuse the Honorable Steven V. Wilson and Magistrate Judge Carolyn Turchin. Based on the materials submitted, the Court denies the motion and adopts the following Order.

A judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned" and in proceedings in which "he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding." 28 U.S.C. § 455(a) & (b)(1). The Ninth Circuit has articulated the standard for disqualification under § 455 as follows:

> The test under § 455(a) is whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned. Typically, a judge's partiality must be shown to be based on information from extrajudicial sources, although sometimes, albeit rarely, predispositions developed during the course of a trial will suffice. In the instance where the partiality develops during the course of the proceedings, it can be the basis of recusal only when the judge displays a deep-seated and unequivocal antagonism that would render fair judgment impossible.

<u>F.J. Hanshaw Enters., Inc. v. Emerald River Dev., Inc.</u>, 244 F.3d 1128, 1144-45 (9th Cir. 2001) (internal quotations and citations omitted).

Plaintiff contends that Judge Wilson cannot provide him with a fair hearing. He notes that the Ninth Circuit reversed and remanded Judge Wilson's order dismissing his complaint, and suggests that the ruling on appeal confirms that Judge Wilson is biased against him. He also argues that Judge Wilson denied his motion for default judgment in error, and did so without holding oral argument.

Plaintiff has not established that either Judge Wilson or Magistrate Judge Turchin's impartiality could reasonably be questioned. His grievances are with the substance of the Court's legal rulings. Because Plaintiff has not shown that the Court's rulings reflect "a deep-seated and unequivocal antagonism that would render fair judgment impossible," <u>id.</u>, the motion to recuse must be denied.

IT IS SO ORDERED.

Dated: December 16, 2009

DEAN D. PREGERSON
United States District Judge

2